UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANET SEAMAN,

    Plaintiff,

v.                                                   Case No:  6:12-cv-1347-Orl-28TBS

MICHAEL MCGUIGAN, MCGUIGAN
LAW OFFICE, LLC, JAMES COURTNEY
and DOES 1-10,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff' (sic) Motion for Default Judgment. (Doc 13). Upon due consideration I respectfully recommend that the motion be **granted in part and denied in part**.

### I.    Background

This is an action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. sec. ("FDCPA").  Plaintiff alleges that she is a consumer as defined by 15 U.S.C. § 1692a(3) and that Defendants own and work for a collections law firm located in Pennsylvania.  (Doc. 1 ¶¶ 5,6).  Although McGuigan Law Office is identified as a limited liability company, Plaintiff also alleges that it is a d/b/a for Defendant Michael McGuigan.  (Id. Style, Introduction and ¶ 6).

Plaintiff avers that in April, 2012, Defendant James Courtney placed a collections call to her cell phone and left the following voicemail message:

> This message is for Janet Seaman.  Janet, this is James
> Courtney, I am calling from attorney Michael McGuigan's
> office.  I'm gonna need to hear from you today, Monday the
> 16th[.] I am actually here in the office till 08:30 to 09:00 Eastern

>   Time. Give me a call here at my office at 877-543-6152,
>   extension 127. This is in regards to your file number E9386.
>   Thanks a lot.

(Id., ¶¶ 11-14, 16 and Doc. 1-2).

Plaintiff complains that this message violated FDCPA §§ 1692e(10) and (11), because Courtney did not state that the call was from a debt collector and because Courtney used deceptive means to attempt to collect a debt. (Doc. ¶ 16(b) and (c)).

Plaintiff served Defendant, McGuigan Law Office, LLC on September 18, 2012 by leaving a summons and copy of the complaint with the LLC's manager. This constituted good service under Pennsylvania Rule of Civil Procedure 424(2). (Docs. 7, 10). The LLC's response to the complaint was due on or before October 9, 2012, but to date, it has not appeared. (Docket). Plaintiff has not served the remaining Defendants. (Id.)

On October 18, 2012, Plaintiff filed a motion for the entry of a clerk's default against the LLC. I denied the motion without prejudice because plaintiff had failed to file a memorandum of law demonstrating that she had obtained good service of process on the LLC. (Docs. 8, 9). Plaintiff filed a second motion explaining why service was proper and I granted the motion for default. (Docs. 10, 11). Now, Plaintiff seeks the entry of a default judgment against the LLC and that she be awarded $1000 in statutory damages, $4,271.50 in attorney's fees and $400 in costs.

Because Plaintiff referred to the LLC as a d/b/a for Defendant Michael McGuigan, I required Plaintiff to comply with 50 App. U.S.C. § 521, the Servicemembers Civil Relief Act ("SCRA"). On January 31, 2013, attorney Jason Rettig (who is not an attorney of record) filed a declaration stating that on January 17, 2013 he saw McGuigan at a hearing in Pennsylvania, and that McGuigan is not on active military duty. This declaration satisfies the requirements of the SCRA.

II.  Discussion

A. Effect of Default

The entry of a default by the Clerk does not necessarily require the court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). Before the Court will enter judgment pursuant to FED. R. CIV. P. 55(b) there must be a sufficient basis in the pleadings to support the relief sought. Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

B. Liability

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors" and "to protect consumers against debt collection abuses." Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 1352 (11th Cir. 2009) (quoting 15 U.S.C. § 1692(e)). The law provides a civil cause of action against any debt collector who fails to comply with its requirements. 15 U.S.C. § 1692k(a).

A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a). A debt collector found in violation of the Act may be liable for (1) an individual plaintiff's actual

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

damages; (2) statutory damages up to $1,000 and (3) costs and reasonable attorney's fees.  15 U.S.C. § 1692(a)(1)-(3).

To prevail on her FDCPA claim, Plaintiff's complaint must properly allege that (1) she was the object of collection activity arising from consumer debt; (2) Defendants are debt collectors as defined by the FDCPA; and (3) Defendants have engaged in an act or omission prohibited by the FDCPA.  McCorriston v. L.W.T., Inc., 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008).

Section 1692e(10) of the FDCPA prohibits collectors from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).  Section 1692e(11) requires that a debt collector reveal in an initial communication that he is a debt collector attempting to collect a debt and that any information obtained will be used for that purpose, or, in subsequent communications, that the debt collector state that the communication is from a debt collector.  15 U.S.C. § 1692e(11).  I have considered the well-pled allegations, which are deemed admitted, and the record evidence in this case and find that Plaintiff's averments offer a sufficient basis for the entry of a default judgment against the LLC.  Courtney failed to identify himself as a debt collector in the voicemail message he left on Plaintiff's cellphone.  This is sufficient to state a cause of action under §§ 1692e(10) and (11).  Courtney's statement in the message that he was calling on behalf of Michael McGuigan's office, together with Plaintiff's other averments that the Defendants own, work for, or are a collections law firm are sufficient to attribute Courtney's actions to the LLC.

When there are multiple defendants, the court must consider whether it may be more prudent, under the circumstances, to delay entering a default judgment against only

one of the defendants. See Fed. R. Civ. P. 54(b). Plaintiff's cause of action is based solely on one voicemail message. She filed this lawsuit in September of 2012 and the LLC is the only Defendant she has served. If Plaintiff was granted leave of Court to serve the remaining Defendants, and if they were in fact served, there is a possibility of inconsistent verdicts, but that possibility is not great and should not delay the entry of default judgment against the LLC.

### C. Damages

I find that an evidentiary hearing on the issue of damages is not necessary because the record is sufficient to calculate the amount of damages. Section 1962k of the FDCPA provides for statutory damages "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A). The maximum amount of $1,000 is per action, not per violation. Id.; Harper v. Better Bus. Servs., Inc., 961 F.2d 1561, 1563 (11th Cir. 1992). Factors the Court considers in deciding whether to award statutory damages include: the frequency and persistence of noncompliance by the debt collector; the nature of such noncompliance; and the extent to which such noncompliance was intentional. 15 U.S.C. § 1692k(b)(1).

As grounds for recovery of the maximum amount of statutory damages, Plaintiff cites to and attaches copies of ten FDCPA cases in which the court entered default judgment. Five of the cases are not helpful because they do not provide the facts. (See Docs. 13-1, 13-5, 13-6, 13-9, 13-10). The remaining cases are distinguishable in that they involve egregious violations of the FDCPA .[2]

---

[2] See (Doc. 13-2; Rivera v. Nat'l Check Processing, LLC, No. SA-10-CA-605-XR (W.D. Tex. Mar. 17, 2011) (Defendant threatened to have Plaintiff arrested, to have a

- 5 -

Unlike the cases cited by Plaintiff, this action involves one phone call in violation of the FDCPA. While Plaintiff alleges that "Defendants place collection calls to Plaintiff seeking and demanding payment for a debt[,]" implying that more than one call took place, Plaintiff has failed to allege any other conduct by Defendants that violated the FDCPA. This instant violation of the FDCPA is de minimis. It consists of a single offending telephone call, the nature of which violated the FDCPA only by its failure to identify Courtney as a debt collector. The message was not threatening or deceptive and Plaintiff has offered no facts to suggest the violation was intentional. Accordingly, after considering the factors listed in § 1692k(b)(1), I recommend the Court award Plaintiff $100 in statutory damages.[3]

---

"legal investigation" against her, to charge her with fraud and to add $1,500 in attorney fees if she did not pay her debt)); (Doc. 13-3; Sampson v. Brewer Michaels & Kane, LLC, 6:09-cv-2114-Orl-31DAB (M.D. Fla May 26, 2010) (Defendant constantly and continuously placed calls to Plaintiff; threatened to file a lawsuit against Plaintiff; placed multiple calls without meaningful disclosure of the caller's identity; and failed to send Plaintiff a debt validation letter regarding the alleged debt)); (Doc. 13-4; Gilmore v. A&S Collection Assoc., Inc., 2:09-cv-04005 GAF (JCx) (C.D. Cal. Jan. 29, 2010) (Defendant placed multiple calls to Plaintiff during which Defendant would not identify itself or would hang up after Plaintiff answered phone; Defendant threatened to take legal action, including garnishing her wages and seizing her stimulus and tax refund checks; and Defendant failed to send a debt validation letter to Plaintiff)); (Doc. 13-7; Edwards v. Midpoint Resolutions Group, CV 09-3007 GAF (VBKx) (C.D. Cal. Nov. 24, 2009) (Defendant made repeated calls seeking and demanding payment for debt owed by Plaintiff's daughter; called Plaintiff at six in the morning; failed to disclose the call was from a debt collector; would hang up the phone when Plaintiff would answer; Defendant threatened Plaintiff by telling her that her daughter would be arrested and sued if Plaintiff didn't pay; and Defendant screamed at Plaintiff and told her that her "daughter is a loser. You must be a loser to raise a daughter like that.")); (Doc. 13-8; Middlesworth v. Oaktree Collections, Inc., 1:09-cv-601 (E.D. Cal. Nov. 3, 2009) (Defendant placed threatening, harassing, and abusive collection call to Plaintiffs demanding payment and threatening to repossess Plaintiffs' vehicle and report Plaintiffs to credit bureaus.)).

[3] See Weber v. Absolute Collection Serv., Inc., Case No. 3:11-cv-1150-J-34JBT, 2012 WL 4792458 *1 (M.D. Fla. Aug. 27, 2012) (recommending that the Court award $250 in statutory damages for violations based on a single letter) (adopted by Weber v. Absolute Collection Serv., Inc., 2012 WL 4792511 (M.D. Fla. Oct. 9, 2012)); Guerrero v.

### D. Attorney Fees and Costs

Plaintiff's counsel seek $4,271.50 in attorney's fees.  In support of their claim, they have furnished their billing ledger, the declarations of the three attorneys who worked on the case, a 2010-2011 Consumer Law Attorney Fee Survey Report, and a copy of the "Laffey Matrix." (Docs. 13-11 -- 13-16).  The amounts claimed are as follows:

| Attorney | Hourly Rate | Hours |
| --- | --- | --- |
| Shireen Hormozdi | $355 | 6.7 |
| Jessica Pascale | $290 | 5.2 |
| Douglas Baek | $290 | 1.2 |
| Paralegals | $145 | .6 |

Because the LLC has not responded to Plaintiff's motion, the Court lacks the benefit of scrutiny and analysis from the opposing party.  See Godoy v. New River Pizza, Inc., 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008) (noting that the adversarial process normally aids the Court in determining whether the amount of attorney's fees requested is reasonable.).  Nonetheless, the Court has a duty to ensure that the request for attorney's fees is reasonable.  Id.  (citing Hensley, 461 U.S. at 433-434).  "The Court may use its

---

Absolute Collection Serv., Inc., Case No. 1:11-cv-02427-JEC-RGV,  2011 WL 8183860 *5 (N.D. Ga. Oct. 6, 2011)(finding that an award of $500 was appropriate when Defendant sent only one letter but that form letter contained two violations of the FDCPA); Marchman v. Credit Solutions Corp., Case No. 6:10-cv-226-Orl-31GJK, 2011 WL 1560647 *11 (M.D. Fla. Apr. 5, 2011) (recommending an award of $100 for two phone calls committing two non-egregious violations of the FDCPA) (adopted by Marchman v. Credit Solutions Corp., 2011 WL 1557853 (M.D. Fla. Apr. 25, 2011)); Montgomery v. Florida First Fin. Group, Inc., Case No. 6:06-cv-1639-Orl-31KRS, 2008 WL 3540374 *10 (M.D. Fla. Aug. 12, 2008) (finding that $500 award was appropriate when frequency of noncompliance was minimal but the conduct --- calling Plaintiff's family members on more than one occasion and telling them there was a warrant for Plaintiff's arrest, calling Plaintiff a "liar" on the telephone and threatening to arrest Plaintiff --- was clearly intentional and clearly a violation of the FDCPA).

own expertise and judgment to make an appropriate independent assessment of the value of the attorney's services." Chemische Fabrik Budenheim KG v. Bavaria Corp. Intern., No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 * 5 (M.D. Fla. Jan. 6, 2010).

In the Eleventh Circuit, courts use the lodestar approach to determine a reasonable attorney fee. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. Kenny A. ex. rel. Winn v. Perdue, 532 F.3d 1209, 1219 (11th Cir. 2008). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The fee applicant can satisfy its burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." Chemische, 2010 WL 98991 *4. Once the Court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. Norman, 836 F.2d at 1302.

    i.    *Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rates are in line with the prevailing market rates. Id. When determining whether a rate is reasonable the Court considers the following factors:

> 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.

Bivins v. Wrap It Up, Inc., 380 F. App'x 888, 890 (11th Cir. 2010) (citing Johnson v. Georgia Highway Exp., Inc., 488 F. 2d 714 (5th Cir. 1974)).

Shireen Hormozdi has deposed and said that she graduated from the University of Florida, Levin College of Law in 2003 and is licensed to practice in Florida, Georgia, Kentucky, Mississippi and New York. (Doc. 13-12). Jessica Pascale states that she graduated from Southwestern Law School in 2008 and is licensed to practice in California and New York. (Doc. 13-13). Douglas Baek states that he graduated from Southwestern Law School in 2008 and is licensed to practice in California. (Doc. 13-14).

The United States Consumer Law Attorney Fee Survey Report and "Laffey Matrix," show what attorneys charged from the years 2003-2013 based upon their experience. (Docs. 13-15, 13-16). Having considered the Johnson factors, including the experience of the attorneys, the location of their practice, the Court's knowledge of market rates in Central Florida, and the other attached documents, I find that the requested hourly rates are not objectively reasonable. There is nothing novel or difficult about this case and it did not require an attorney of great skill to properly prosecute the case. There is no evidence that counsel was precluded by this engagement from accepting other employment or that they were under any time limitations imposed by the client. There is

nothing to suggest this work was undesirable and I find the hourly rates are above the customary rate in this community for similar work.  Accordingly, I have reduced the requested hourly rates as follows: Shireen Hormozdi - $275; Jessica Pascale - $215; Douglas Baek - $215; and Paralegals - $125.

      *ii.*    *Reasonable Hours Spent*

Next, the Court must determine the number of hours reasonably expended by Plaintiff's counsel on this litigation.  Prevailing attorneys "must exercise their own billing judgment to exclude any hours that are 'excessive, redundant, or otherwise unnecessary." Galdames v. N & D Inv. Corp., 432 F. App'x 801, 806 (11th Cir. 2011) (citations and inner quotations omitted).  Attorneys may bill adversaries for only the same hours they would bill a client. Resolution trust Corp. v. Hallmark Builders Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the Court adequately explains its reasons for doing so. Galdames, 432 F. App'x at 806 (citations omitted).

A review of Plaintiff's counsel's billing ledger reveals that counsel is seeking an award for excessive and unnecessary hours.  Counsel have billed for: time spent reviewing another attorney's simple work; time spent receiving CM/ECF notices; excessive time spent on preparing simple documents; time spent serving the complaint by process server; time spent leaving a message for Plaintiff to discuss the case; and for time spent on administrative tasks.  (See Doc. 13-11).  "It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers . . . ." Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989).  Counsels' time entries do not

distinguish between legal work of the sort typically billed to a client and day-to-day tasks that a lawyer generally undertakes. Consequently, I recommend a 30% across the board reduction. The result of these recommendations is:

| Attorney | Hourly Rate | Hours |
|---|---|---|
| Shireen Hormozdi | $275 | 4.69 |
| Jessica Pascale | $215 | 3.64 |
| Douglas Baek | $215 | .84 |
| Paralegals | $125 | .42 |
| | Total $2,305.45 | |

   *iii.   Costs*

Finally, Plaintiff seeks $400 in costs for the filing fee and for fees expended for service of process. (Doc. 13). These costs were reasonably necessary and are recoverable under 28 U.SC. § 1920.[1]

## I.   Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1.   Plaintiff's Plaintiff' (sic) Motion for Default Judgment (Doc 13) be **granted**.

---

[1] 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

    2.      The Clerk be directed to **enter judgment** in favor of Plaintiff and against Defendant McGuigan Law Office, LLC for $100 in statutory damages; $2,305.45 in attorney's fees; and $400 in costs.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**Respectfully Recommended** at Orlando, Florida on February 11, 2013.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record